ARTHUR T. DEAR, PLAINTIFF-APPELLANT, v. OSCAR MEIROWSKY, DEFENDANT-APPELLEE.

Argued May term, 1927—Decided October 5, 1927.

**Negotiable Instruments—Promissory Notes—Plaintiff was an Accommodation Endorser, Along With Defendant, on a Note of a Corporation of Which Defendant was President—Corporation was Insolvent and Plaintiff Paid the Note, Receiving Nothing From Claim Filed With Receiver—Plaintiff Now Contends That Judgment Should Have Been in His Favor for Full Amount Instead of a Reduced Sum in Contribution—Held, That There was Evidence That the Plaintiff Accommodated the Corporation, Not the Defendant Individually.**

On appeal from the First District Court of Jersey City.

Before Justices PARKER, MINTURN and CAMPBELL.

*Pro se, Arthur T. Dear.*

For the defendant-appellee, *William T. Cahill.*

PER CURIAM.

The case was tried by the First District Court of Jersey City, without a jury, and a judgment given for the plaintiff for $161.25.

The plaintiff, at the request of the defendant, became accommodation endorser upon a promissory note as follows:

"750.00.        JERSEY CITY, N. J., September 19th, 1924.

Three months after date we promise to pay to the order of Emil Schauble seven hundred and fifty dollars at the First National Bank, Jersey City, N. J.   Value received.

MEIROWSKY BROTHERS, INC.,

O. MEIROWSKY,

*President.*

The endorsements were as follows:

ARTHUR T. DEAR,

O. MEIROWSKY,

EMIL SCHAUBLE."

A payment in reduction of the note was subsequently made, and a renewal note given for the balance; the renewal note bore same personal endorsements as the original note, with the exception that the corporation signature was made by the defendant as president, and the plaintiff as treasurer, the plaintiff having acquired an interest in the corporation since the issuance of the first note.

On the due date, the company being insolvent, the plaintiff paid the note and filed a claim against the company with its receiver, but received nothing upon his claim because of a lack of assets for the purpose.

The plaintiff's contention here is that the judgment should have been in his favor for the full amount of the note instead of a reduced sum in contribution.

We think there was ample evidence justifying the finding as a fact that the plaintiff accommodated the corporation at the instance of its president, this defendant, and that, therefore, the accommodation was not extended to the defendant individually.

The judgment will therefore be affirmed.